**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

REYNALDO CENTENO,                                    Case No. 1:16-cv-959

          Plaintiff,                                    Barrett, J.
                                                     Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Reynaldo Centeno filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents five claims of error for this Court's review. For the reasons explained below, I conclude that this case should be REMANDED because the finding of non-disability is not supported by substantial evidence in the administrative record.

### I. Summary of Administrative Record

On December 4, 2013, Plaintiff filed an application for Disability Insurance Benefits ("DIB") alleging disability as of March 20, 2013. (Tr.114-129, 189-90). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On March 10, 2016, an evidentiary hearing was held, at which Plaintiff was represented by counsel. (Tr. 35-66). At the hearing, ALJ Kevin Detherage heard testimony from Plaintiff and William

1

Cody, an impartial vocational expert. On April 21, 2016, the ALJ denied Plaintiff's applications in a written decision. (Tr. 14-27).

Plaintiff was born on April 25, 1966 and was 46 years old on the alleged disability onset date. (Tr. 25). Plaintiff has a college education and has past relevant work as a warehouse supervisor. (Tr. 25, 36). Plaintiff suffers from lumbar degenerative disc disease, sciatica, depression, anxiety, post-traumatic stress disorder (PTSD), affective disorder, and substance abuse disorder. (Tr. 16). Plaintiff also suffers from orthopedic problems and pain in his knee and ankle. (Tr. 17). Plaintiff has performed small amounts of work since the onset of his disability, but this work did not rise to the level of substantial gainful activity. (Tr. 16).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff has the following severe impairments: "lumbar degenerative disc disease; sciatica; depression, anxiety disorder; post-traumatic stress disorder; affective disorder and substance use disorder." (Tr. 16). The ALJ concluded that this impairment did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work with the following exceptions:

> He can perform unskilled work. He can occasionally stoop, kneel, crouch, or crawl. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs. He should avoid exposure to hazards, such as heights or machinery with moving parts. He can perform no production-rate pace work. He can tolerate occasional changes in routine work place setting. He can have occasional contact with co-workers, supervisors, and the general public. He is likely to be absent from work 1 day per month. He is likely to be off tasks 10 percent of the work period.

(Tr. 21).

2

Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs in the national economy that Plaintiff could perform, including such jobs as sorter, packer and cleaner. (Tr. 26). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. (Tr. 27).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff maintains that the ALJ erred by: 1) failing to give controlling weight to the findings of Plaintiff's treating psychologist; 2) failing to find that Plaintiff meets Listing 12.06; 3) improperly determining that Plaintiff could perform light work; 4) improperly evaluating the disability determination from the Veteran's Administration (VA) and 5) improperly evaluating Plaintiff's credibility. Upon careful review and for the reasons that follow, the undersigned finds that the ALJ improperly evaluated Plaintiff's mental impairments.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is

available in the regional or national economies.  *See Bowen v. City of New York*, 476

U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the

court's first inquiry is to determine whether the ALJ's non-disability finding is supported

by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal

quotation omitted).  In conducting this review, the court should consider the record as a

whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence

supports the ALJ's denial of benefits, then that finding must be affirmed, even if

substantial evidence also exists in the record to support a finding of disability.  *Felisky v.*

*Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because
> substantial evidence exists in the record to support a different conclusion.
> . .. The substantial evidence standard presupposes that there is a 'zone of
> choice' within which the Secretary may proceed without interference from
> the courts.   If the Secretary's decision is supported by substantial
> evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability

benefits, the Social Security Agency is guided by the following sequential benefits

analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial

gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's

impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's

impairments, singly or in combination, meet or equal a Listing in the Listing of

Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

**B. The ALJ's Decision is not Substantially Supported**

*1. Relevant evidence*

Plaintiff has been diagnosed with PTSD, major depressive disorder, and anxiety. (*see* Tr. 758, 784). Plaintiff's mental impairments also began as a result of his service in the military. (Tr. 64-65). He has treated with both a psychologist and a psychiatrist at the Veterans Administration since 2010, and he received other mental health services prior to 2010 from the Veterans Administration. (*See* Tr. 488, 502-1003, 1008-1155, 1166, 1171-1364). Plaintiff attended coping classes to help manage the symptoms of his PTSD. (*e.g.* Tr. 727, 731, 750). Plaintiff has also been prescribed multiple anti-depressants and other medications for his mental impairments including, but not limited to: Bupropion HCL, Citalopram Hydrobromide, Mirtazapine, and Quetiapine. (Tr. 735).

Plaintiff's treating psychologist, Mary Hagerty, Psy.D. prepared a narrative report and mental RFC assessment. (Tr. 1365-75). She found that Plaintiff faced marked limitations in his ability to make occupational, performance, and social adjustments, in multiple key areas of work-related functioning. (Tr. 1373-75).Thereafter, the Department

of Veteran Affairs characterized Plaintiff as unemployable as of July 31, 2013 and 100% disabled as of January 7, 2015. (Tr. 1167-70).

### 2. Weight to Treating Psychologist

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner of Social Sec.,* 581 F.3d 399, 406 (6th Cir.2009) (quoting *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir.2004). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson,* 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *but see Tilley v. Comm'r of Soc. Sec.,* No. 09–6081, 2010 WL 3521928, at *6 (6th Cir.Aug.31, 2010) (indicating that, under *Blakely* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence.

Here, the ALJ found that Dr. Hagerty's medical opinion did not warrant controlling weight because it is inconsistent with the medical record. (Tr. 24). In so concluding the

ALJ found that Dr. Hagerty's findings were inconsistent with her own treatment notes and Plaintiff's reported activities. In this regard, the ALJ noted that Plaintiff traveled with his church on a mission trip, and worked on cars. (Tr. 25). Such findings however, do not comport with agency regulations and controlling law.

The undersigned does not dispute that it is the ALJ's prerogative to resolve conflicts and weigh the medical opinions of record. However, it appears in determining that Plaintiff's reported actives were inconsistent with Dr. Hagerty's assessment the ALJ, in part, impermissibly acted as his own medical expert. *See Rousey v. Heckler,* 771 F.2d 1065, 1069 (7th Cir.1985); *Kent v. Schweiker,* 710 F.2d 110, 115 (3d Cir.1983); *Lund v. Weinberger,* 520 F.2d 782, 785 (8th Cir.1975). While an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, he is not permitted to make his own evaluations of the medical findings. As recognized by this Court, "[t]he ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Comm'r of Soc. Sec.,* No. 1:07–cv–51, 2008 WL 1733181, at *13 (S.D.Ohio April 14, 2008) (Beckwith, J.; Hogan, M.J.) (citing *Hall v. Celebrezze,* 314 F.2d 686, 690 (6th Cir.1963); *Clifford v. Apfel,* 22.7 F.3d 863, 870 (7th Cir.2000); *Ferguson v. Schweiker,* 765 F.2d 31, 37 (3rd Cir.1985); *Sigler v. Sec'y of H.H.S.,* 892 F.Supp. 183, 187–88 (E.D.Mich.1995)). *See also Rosa v. Callahan,* 168 F.3d 72, 78–79 (2nd Cir.1999) ("[T]he ALJ cannot arbitrarily substitute his own opinion for competent medical opinion."); *Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir.1996)

("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

Here, there are no medical opinions of record that suggest Plaintiff's ability to travel, volunteer with his church and briefly work on cars negate his severe symptoms related to PTSD and depression. In making such a finding, the ALJ improperly made his own independent medical findings. Furthermore, Plaintiff's ability to perform such limited activities is not substantial evidence that his symptoms are not disabling. See 20 C.F.R. § 404.1572(c) ("Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity."); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 248–49 (6th Cir.2007) (the minimal daily functions of driving, cleaning an apartment, caring for pets, laundry, reading, exercising and watching the news are not comparable to typical work activities); *Cohen v. Sec'y Dept. Health & Human Servs.,* 964 F.2d 524, 530 (6th Cir.1992) (the fact that disability claimant continued ballroom dancing and attended law school during period for which she claimed disability benefits did not warrant a finding that she could maintain substantial gainful employment).

Here, because the ALJ improperly evaluated Dr. Hagerty's opinions, this matter should be remanded for further fact-finding.[1]

---

[1] Dr. Hagerty's assessment also supports a finding that Plaintiff's impairments meet the requirements for Listing 12.06. Because the ALJ should reconsider Dr. Hagerty's opinions on remand, Listing 12.06 should also be carefully reconsidered.

### 3. Evaluation of VA Disability Determination

The undersigned also agrees that the ALJ failed to properly consider the VA's disability determination. Here, the Department of Veterans Affairs characterized Plaintiff as unemployable as of July 31, 2013 and 100% disabled as of January 7, 2015. (Tr. 1167-68). The ALJ dismissed these findings by giving them the "least weight." In so concluding, the ALJ noted that the "discrepancy between these two dates illustrates the incongruity of this assessment with the standards that that Social Security Administration uses to evaluate disability." (Tr. 25). The ALJ further noted that a finding that the Plaintiff is disabled is a solely reserved to the Commissioner. (Tr. 25).

The standards used by the VA are different than those used by the Social Security Administration ("SSA"), and as such the VA's decisions regarding whether a person is disabled are not binding on the SSA. *See* 20 C.F.R. § 404.1504 (noting that a disability determination made by another governmental agency is based on its rules and is not binding on the SSA). Soc. Sec. Rul. 06–03p, 2006 WL 2329939, at *6–7. However, the SSA cannot ignore another agency's decision and must consider it when making its own disability determination. *Id.* ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered*."). See also LaRiccia v. Comm'r of Soc. Sec.*, 549 Fed. Appx. 377, 387–88 (6th Cir. Dec.13, 2013).

Although the ALJ is not required to give great weight to the VA's disability finding, she should "adequately explain the valid reasons for not doing so." *King v.*

*Comm'r of Soc. Sec.*, 779 F.Supp.2d 721, 726 (E.D.Mich. Mar.28, 2011) (quoting Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir.2001)) (noting that "the relative weight to be given [to VA] evidence will vary depending upon the factual circumstances of each case"). *See also LaRiccia, 549 Fed. Appx.* at 388 (quoting Soc. Sec. Rul. 06–03p). Accordingly, courts have routinely remanded cases in which the ALJ failed to properly weigh a governmental or nongovernmental agency's disability decision or failed to articulate valid reasons for rejecting the decision. *See, e.g., LaRiccia*, 549 Fed. Appx. at 388; *King*, 779 F.Supp.2d at 726; *Wilmore v. Comm'r of Soc. Sec.*, 2014 WL 320072, at *3–4 (E.D.Mich. Jan.29, 2014). See also Reports and Recommendations entered and adopted in *Dellerman v. Comm'r of Soc. Sec.,* 2014 WL 3734393, at *4–5 (S.D.Ohio July 28, 2014); *McPhee v. Comm'r of Soc. Sec.*, 2013 WL 3224420, at *13–14 (E.D.Mich. June 25, 2013); and *Lowery v. Comm'r of Soc. Sec.*, 886 F.Supp.2d 700, 718 (S.D.Ohio 2012).

Here, the ALJ failed to articulate valid reasons for rejecting the VA's determination. Contrary to the ALJ's findings, the VA's disability determination clearly indicates that Plaintiff's status changed as a result of his request for review and submission of evidence in support of his impairments. (Tr. 1167-1170). Moreover, the VA determination clearly outlines the rationale for its disability finding as of January 2015 including, *inter alia*, symptoms of persistent delusions, difficulty adapting to stressful circumstances, suicidal ideation, disturbances of motivation and mood, panic attacks, chronic sleep impairment, and anxiety." (Tr. 1170). The ALJ failed to mention and/or consider this information. Although it is true that the ALJ cited a regulation that

provides that a disability determination made by another agency "is not binding" for purposes of social security, 20 C.F.R. § 404.1504, the regulatory scheme does not provide a carte blanche rejection without adequate explanation. See *Hicks v. Comm'r of Soc. Sec.*, No. 1:15-CV-110, 2016 WL 490049, at *6 (S.D. Ohio Jan. 6, 2016), *report and recommendation adopted,* No. 1:15CV110, 2016 WL 455396 (S.D. Ohio Feb. 5, 2016). Moreover, it is worth noting that the VA's disability determination arguably carries extra weight, at least to the extent that VA physicians were Plaintiff's primary treating mental health providers. *Id.*

Due to the ALJ's failure to properly consider the VA disability rating and his erroneous reason for not sufficiently considering the rating determination, the Court will remand this case for proper and actual consideration of that VA disability determination and explanation of the weight given to the VA disability rating with proper reasons.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in

the first place." *Faucher,* 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. *Faucher,* 17 F.3d at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1.	The decision of the Commissioner to deny Plaintiff DIB benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. §405(g) consistent with this Report and Recommendation;

2.	As no further matters remain pending for the Court's review, this case be **CLOSED.**

*/s Stephanie K. Bowman*

Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

REYNALDO CENTENO,                                          Case No. 1:16-cv-959

        Plaintiff,                                          Barrett, J.
                                        Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).